appeals. Appeal from final order dismissed. Order denying motion to open default affirmed.

See 110 N. Y. Supp. 928.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Williamson & Smith (J. Boyce Smith, Jr., of counsel), for appellant. H. Schieffelin Sayers, for respondent.

MacLEAN, J. The defendant appeals from two orders, one final and in default in a summary proceeding, which is not appealable (Catalano v. North British & Mercantile Ins. Co., 50 Misc. Rep. 536, 99 N. Y. Supp. 524), and the other an order denying its motion to open the default, which is appealable (Municipal Court Act, Laws 1902, p. 1563, c. 580, § 257).

The motion to open the default was addressed to the discretion of the court, and was made, not because of defense upon merit, but because of an asserted counterclaim theretofore interposed as claim in an action in another court for the recovery of rent. Objecting to the petition because some under tenants were not properly parties and disclosing no interest thereto, its objection might and may have appealed to the mind of the justice below, the exercise of whose discretion was invoked, as a matter largely of fence for time, in view of the near approach and opportunity for the collection of another month's rent. That order should stand.

The appeal from the final order is dismissed, with $10 costs to the respondent, and the order denying the motion to open the default is affirmed, with costs.

GILDERSLEEVE, P. J., concurs. SEABURY, J., concurs in result.

---

SPANNKNEBEL v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. June 29, 1908.)

1. APPEAL AND ERROR—DISMISSAL AT CLOSE OF PLAINTIFF'S CASE—REVIEW OF EVIDENCE—PRESUMPTIONS.

On appeal from a judgment of dismissal at the close of the case of plaintiff, he is entitled to the most favorable view which a jury might properly have taken of the evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3748.]

2. RAILROADS—CROSSING ACCIDENTS—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.

A pedestrian, approaching a double-track railroad and within 4 feet thereof, looked for an approaching train, and, seeing none, passed over the first track and upon the adjacent track, 15 feet away, without again looking for a train. There was evidence that at the point where she stopped to look the view was obstructed, so that a train could not be seen more than 150 feet away, and that the view became extended to about half a mile as the second track was approached. *Held*, that the pedestrian was not, as a matter of law, guilty of contributory negligence

in failing to stop and look for an approaching train before stepping onto the second track.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, §§ 1152–1192.]

**3. NEGLIGENCE—DEGREE OF CARE REQUIRED.**

The law of negligence is not based on the highest degree of care, nor even the degree of care which a highly prudent person would use, but on the average of reasonable care, or the degree of care which 12 men, selected at random, will say is reasonable under the circumstances.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, § 5.]

**4. SAME—QUESTION FOR JURY.**

Where the facts are such that reasonable men may differ as to what is reasonable care, the court must submit the question to the jury, though it may feel that it will set aside a verdict.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 279–302.]

Appeal from Trial Term, Westchester County.

Action by Henry Spannknebel, administrator of Mary E. Spannknebel, deceased against the New York Central & Hudson River Railroad Company. From a judgment of dismissal at the close of plaintiff's case, and from an order denying a motion for a new trial on the minutes, plaintiff appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Gustav R. Hamburger, for appellant.
John F. Brennan, for respondent.

WOODWARD, J. The plaintiff made a case which, in our judgment, entitled him to go to the jury. The complaint having been dismissed at the close of plaintiff's case, the appellant is entitled to the most favorable view which a jury might properly have taken of the evidence; and the theory on which the complaint was dismissed, that the plaintiff had failed to show absence of contributory negligence, is not sustained by the testimony in this case. Plaintiff's intestate was struck by a south-bound train on the defendant's double-track railroad, while crossing from her home on the west side of the tracks to a roadway on the east side, by means of a private crossing which had been maintained for many years. The plaintiff testified that his wife left the house to cross the tracks to overtake the witness' mother-in-law, who had preceded her; that the witness called to her to look out for the train; that the deceased stopped when about 4 feet from the north-bound track and looked for an approaching train; that she then started forward toward the south-bound track, about 15 feet away; and that as she reached the south-bound track she was struck by the south-bound train and killed.

There was some evidence that at the point where the deceased stopped to look the view was obstructed, so that a train could not be seen more than 150 feet away, but that this view became extended to about half a mile as the south-bound track was approached, and it appears to have been the theory of the court that it was the duty of the plaintiff to show that his intestate looked at a time when she could have seen the greater distance, and that a failure to show this established

contributory negligence as a matter of law. The fact of the plaintiff's intestate stopping to look for a train when within 4 feet of the north-bound track, which was only about 15 feet from the south-bound track, was some evidence of care on her part. It showed that she had in mind the danger and the purpose to avoid it, and the mere fact that she was not shown to have stopped and looked again in passing over a space of 15 feet is hardly conclusive against the right of this plaintiff. The law of negligence is not based upon the highest possible degree of care, nor even the degree of care which a highly prudent person would use, but upon the average of reasonable care—the degree of care that 12 men, selected at random from the vicinage, will say is reasonable under all the circumstances. It is well established that, where the facts are such that reasonable minded men might differ as to what is reasonable care, it is the duty of the court to submit the question to the jury, even in a case where the court might feel that it was its duty to set aside a verdict, and we are of the opinion that this was a case in which the plaintiff had some evidence to support his cause of action, and that the jury should have been permitted to pass upon it.

The judgment and order appealed from should be reversed, and a new trial should be granted; costs to abide the event. All concur.